IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                                 Criminal No. 1:04cr41-5

MELISSA POWELL,
    Defendant.

## ORDER/OPINION

On the 2ND day of October 2006, came the defendant, Melissa Powell, in person and by her counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Zelda E. Wesley, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on August 30, 2006, alleging defendant:

1. Violated the Standard Condition requiring her to answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer, in that, on or about August 25, 2006, Defendant was arrested and in custody of the Westover Police Department. The Probation Officer instructed Defendant via telephone to travel directly to her residence upon her release to meet with the Probation Officer. She was also notified that she would be drug tested. The Probation Officer traveled to Defendant's residence, but Defendant was not present. The Probation Officer contacted the Westover Police Department and was informed Defendant had been released 45-60 minutes earlier.

2. Violated the Special Condition requiring her to participate in a program of testing, counseling, and treatment for the use of alcohol or drugs if so ordered by the Probation Officer, in that Defendant failed to report for the drug testing on August 25, 2006.

3. Violated the Standard Condition that she not purchase, possess, use, distribute, or administer

any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician, in that during the above-stated arrest, Defendant was found in possession of a crack pipe.

4. Violated the Standard Condition requiring her to answer truthfully all inquiries by the Probation Officer and follow the instructions of the probation officer; and

5. Violated the Mandatory Condition that she not possess a firearm, ammunition, destructive device or any other dangerous weapon, in that the Probation Officer observed a hammer between the driver's and passenger's front seat of Defendant's vehicle on May 31, 2006. Defendant admitted the hammer was for "protection." The Probation Officer instructed Defendant not to carry or possess any item in such a manner that it would be considered a dangerous weapon. Subsequently, on or about August 18, 2006, the Probation Officer observed a wooden club with a taped make-shift handle under the front seat of Defendant's vehicle.

6. Violated the Standard Condition that she not purchase, possess, use distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician, in that Defendant had a prescription for 16 500 mg. Hydrocodone tablets filled on May 10, 2006. Upon her arrival at the Probation Officer that same date, only 8 tablets remained. The defendant admitted to taking two tablets as prescribed, but denied any knowledge of the missing tablets.

The Probation Officer also reported she had filed previous Non-Compliance Summaries on May 8, 2006, and May 22, 2006, notifying the Court that Defendant had tested positive for cocaine and marijuana on April 27, 2006, and for cocaine on May 10, 2006. Defendant was already attending outpatient substance abuse treatment via the probation office at the time of the first report.

After the second positive test, Defendant was instructed to obtain a more suitable, stable residence and attend NA twice per week. She was referred and accepted for intensive outpatient drug treatment at Chestnut Ridge and began her first session on May 23, 2006, and was discharged on June 8, 2006. The case manager at Chestnut Ridge advised that Defendant usually reported one to two hours late for each session, did not attend the recommended three NA meetings per week, and failed to take samples of Zoloft as instructed.

The Probation Officer also noted that Defendant currently has three charges pending in State court, including Domestic Battery, Possession of a Controlled Substance, and Petit Larceny. She was arrested and released on bond on August 25, 2006. The Probation Officer did not include these violations in the Petition because no disposition had yet been made regarding the State charges, and additional information was not yet available.

Prior to the taking of evidence, Defendant waived the preliminary hearing in writing, conceding probable cause existed to forward this revocation matter to District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to defendant and inquired of her as to the voluntariness of her decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concludes defendant's decision to waive the preliminary hearing was knowingly, freely, and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of her supervised release as alleged and numbered 1, 2, 3, 4, and 5 of the Petition for Warrant or Summons for Offender Under Supervision filed August 30, 2006.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief Judge of the United States District Court for the Northern

District of West Virginia on Violations Nos. 1, 2, 3, 4, and 5 of the Petition for Warrant or Summons for Offender Under Supervision filed August 30, 2006.  It is further

**ORDERED** that the defendant be continued in the custody of the United States Marshal pending further proceedings herein.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: October 2, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE